UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY SLOAN,** | : | Case No. C - 1 - 01 - 592 |
| | | Judge Weber |
| **Plaintiff,** | : | Magistrate Hogan |
| vs. | : | MEMORANDUM IN OPPOSITION TO DEFENDANTS' |
| **CITY OF CINCINNATI, et al.,** | : | MOTION TO FILE SUMMARY JUDGMENT MOTION |
| **Defendants.** | : | |

While asking this court to decide this case on summary judgment standard, Defendants make factual claims that are specifically denied by Plaintiff.

**False Arrest**

*Claim 1: Defendants stopped Plaintiff because they smelled a strong odor of burning marijuana emanating from the vehicle as it passed.*

Plaintiff: Hale is the officer who claimed to smell marijuana coming from Plaintiff's car. But Hale admitted that he did not see any smoke come from the car. His claim is that he smelled marijuana as the car passed him.

No one was smoking marijuana in the vehicle. Plaintiff did not smoke marijuana, as he worked for a union shop which required drug testing on various jobs. He would not allow his children or his girlfriend's children to smoke marijuana, and he would not allow his brother to smoke marijuana in their presence. No marijuana was found in the vehicle. No residue was found in the vehicle. There was no mention of marijuana until well after the arrest. There was no charge of possession of marijuana. The first Plaintiff learned that there was any claim regarding marijuana is when he read it in the newspaper. In fact, this marijuana claim is one of the fabrications concocted by the Defendants which proves malice.

*Claim 2: Defendants stopped Plaintiff because of a cracked windshield.*

Plaintiff: There was never any mention of a cracked windshield. There was no charge alleging a cracked windshield. Having a cracked windshield is not a crime.

*Claim 3: The small children were not in child restraint seats.*

Plaintiff: None of the children were required to be in a child restraint. This claim is especially galling since Defendants forced the three smallest children to walk home without adult supervision, and later fabricated a story to cover their misfeasance, claiming they turned them over to some man who happened to be walking by.

*Claim 4: Plaintiff was unable to explain why he did not have a driver's license.*

Plaintiff: Plaintiff told them he had a temporary permit, which he had left at home. Since he had no licensed driver with him, he was admittedly committing a minor misdemeanor. He was not arrested for this. There is no claim that he could have been arrested for this.

*Claim 5: "Plaintiff's apparent interfering with an attempt to enforce the traffic laws"*

Plaintiff: This apparently refers to Plaintiff's attempt to communicate to Officer Shatzer the fact that Ralph was mentally retarded. As soon as he began this attempt, but before he could complete it, he was ordered out of the car and placed under arrest.

At trial, Hale claimed that he called for backup and placed Plaintiff under arrest because Plaintiff said, "You white mother fucker, you aren't in charge here." In his original complaint, he claimed that Plaintiff made this statement while Hale was trying to handcuff him, after he was placed under arrest. In the incident report, signed by Hale, he also stated that Plaintiff made this statement while he was being arrested. Finally, while Hale now claims that he arrested Plaintiff for obstructing official business, he never charged him with obstructing official business.

*Claim 6: Plaintiff's failure to comply with lawful directions and commands*

Plaintiff: There were no lawful directions or commands that he failed to follow. The defendants have fabricated different stories as to why he was arrested, sometimes claiming it was for driving under suspension, sometimes for obstructing official business, but this claim refers to Plaintiff's aborted attempt to tell Shatzer that Ralph was retarded. Prior to that, he had pulled his car to the spot where Hale ordered him to move it. When Plaintiff got out of the car, this was not contrary to any order, it was a natural response under the circumstances. When Hale told him to get back into the car, he immediately attempted to do so. While he was in the process of replacing his molding, Hale began to abuse him with profane and threatening language, apparently because he felt Plaintiff was not following orders quickly enough. He then got back into the car.

When Ralph exited the vehicle and ran to Plaintiff, the officers drew their firearms. Plaintiff restrained his brother to make sure he did not do anything that would get him shot, since the officers had decided to arrest Plaintiff for trying to explain Ralph's disability. Plaintiff did hesitate for a few seconds when ordered at gunpoint to get on the ground. But this was not out of defiance. He was simply stunned by the strange turn of events--being threatened with death in front of his children, while driving home from a pee wee football game, because the car he was driving had an expired tag. This hesitation was not a crime. And since it occurred after the arrest, it could not be the basis for the arrest.

The reason that so many possible justifications for this arrest have been propounded is that there is conclusive proof that the Defendants lied in their original claims. The radio transmissions regarding the incident prove that the claimed acts of obstruction, and the claimed

attempts to gain compliance, could not have occurred because there was not enough time. It is *physically impossible* that the Defendants testified truthfully.

**Fabrication of Evidence of Assault**

Even assuming there was probable cause to arrest Plaintiff for something, and assuming this were to give them immunity for false arrest on that charge, this would not immunize them for arresting and prosecuting Plaintiff for assault on Hale. Over the various proceedings, Hale claimed to have received three distinct injuries, his arm/hand, his chest, and his knee.

*Arm/Hand*

At trial, Hale claimed that Plaintiff first punched him on the forearm, *not* on the hand. In his original complaint, he alleged that Plaintiff struck him on the hand.

*Chest*

At trial, Hale claimed that Plaintiff then *punched* him in the chest with a closed fist. He said it was not a push, but a punch. On his original complaint, Hale wrote that Plaintiff *pushed* him in the chest. At grand jury, he testified that Plaintiff "*shoved*" him in the chest.

*Knee*

In his original complaint, Hale stated that his knee was bruised. At Ralph's trial, he stated that his knee was not bruised. At Plaintiff's trial, he stated that there was *no* discoloration, but there were "some indentations from the pavement." Cpt. 207) Still, he claimed that it was so sore that he could not ride his bike back to the district. Cpt. 44 Before the grand jury, Hale testified that his knee was "scraped." At trial, Hale testified, "There was no scrape. "

When Sgt. Nastold appeared on the scene, he asked Hale if he had been injured. Hale told him no. And when Hale and Shatzer went back to the station after the incident, they helped prepare an incident report. In that report, which they both signed under penalty of perjury, the

check box signifying whether Hale was injured was checked "No." And in the space for describing the injury, "None" was written. This report was written immediately after Hale claims to have been driven back to the district because his knee injury prevented him from making it on his own power.

In other words, on nearly every detail of significance to the issues of why Plaintiff was arrested, and why he was charged with assault, resisting arrest, menacing, and disorderly conduct, Hale gave completely contradictory testimony.

**Malicious Prosecution**

Unlawful arrest in violation of the Fourth Amendment is not the only cause of action in this case. Had Defendants not fabricated claims of assault, menacing, resisting arrest, and disorderly conduct, Plaintiff would not have been held in jail for 8 days, and he would not have been forced to trial on the charge of assault on a police officer.

*Grand Jury Indictment*

Plaintiff agrees that an indictment is *prima facie* evidence of probable cause. There was no indictment on the charges of resisting arrest, menacing, and disorderly conduct. Therefore, even under Defendants theory, there was no finding of probable cause on these charges. In fact, since they were presented to the grand jury, and since he was indicted only on the assault charge, it is more reasonable to say that there was finding of no probable cause on these charges.

As for the assault charge, it is well settled that an indictment obtained through perjured testimony cannot immunize the perjurer against a claim of a Fourth Amendment malicious prosecution. *Spurlock v. Satterfield,* 167 F.3d 995 (1999). There is no question that Hale testified before the grand jury, and that he gave perjured testimony in order to obtain this indictment against Plaintiff. During Plaintiff's criminal trial, his counsel was permitted to review the

5

transcript of Hale's testimony, and the court found that it was largely consistent with his trial testimony. Therefore, the indictment was based on Hale's perjured testimonty.

**Miscellaneous Arguments**

*Ralphael's Conviction As Res Judicata*

Ralphael Sloan's Conviction is not res judicata as to Anthony Sloan. Ohio law requires an identity of parties. *Lakewood v. Rees,* 132 Ohio St. 399 (1937). None of the parties here were parties in that action.

*Denial of Rule 29 Motion as Finding of Probable Cause*

Denial of a Rule 29 motion in a criminal case is not a finding of probable cause, and does not defeat a later civil claim for malicious prosecution on the same charge. *Schweller v. Schweller*, Hamilton App. Nos. C970183, C-970191 (Dec. 26, 1997). (Attached)

*Arrest for Minor Misdemeanor*

Defendants claim that Plaintiff could have been arrested under *Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536 (2001) for the minor misdemeanors alleged by Defendants. First, some of these minor misdemeanors, e.g., child restraint and possession of marijuana, are additional, post-arrest fabrications by Defendants. Secondly, there is no authority to arrest for a minor misdemeanor in Ohio, unlike the traffic violation at issue in *Atwater*, which was an arrestable offense in Texas. The Supreme Court did not find that police have the right to arrest for state offenses where the state does not authorize arrest.

*Arrest for Driving under Suspension*

Defendants claim that they had probable cause to arrest Plaintiff for driving under suspension. But this is based entirely on their fabricated claim that Plaintiff told them his license was suspended. While there is some evidence to establish that his license was suspended,

Plaintiff could not have told them that, because he believed he was permitted to drive with a licensed adult because *the Ohio BMV had issued a permit* to him. He told Hale that he had a temporary permit, which he had left at home. In other words, he told Hale that he was *not* under suspension. The fact that he had no licensed driver with him would be a minor misdemeanor.

Therefore, they had no probable cause to believe he was driving under suspension at the time of his arrest.

### Count III: Excessive Force

While Officer Triggs has been dismissed from this suit, there is still an allegation of excessive force against Hale and Shatzer. After Plaintiff got onto the ground, and *after* he allowed himself to be handcuffed by a woman who clearly could not do so had he been resisting, he was immediately maced in the face. The perpetrator of this act had to be either Hale or Shatzer because they were the only officers then on the scene. This was not for any legitimate law enforcement purpose. This was the simple, cowardly infliction of pain on a defenseless man. It was the abuse of authority on a man who had submitted to it. It was excessive force, since no force was warranted under the circumstances. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

### Count II : Intimidation of Witnesses

Plaintiff concedes that he has not served the defendants in this count, and that, therefore, this count must be dismissed.

### Conclusion

There is overwhelming evidence that Hale and Shatzer fabricated criminal charges against Plaintiff. The fabricated charges were those of felony assault, resisting arrest, menacing, menacing, and disorderly conduct. Plaintiff was arrested on all of these charges. He was

7

maliciously prosecuted on all of these charges. The fact that he could have been arrested on some legitimate charge does not defeat the claims on these charges. The claim that he was arrested on some other, legitimate charge does not defeat the claims on these charges. They had no right to file fabricated charges simply because they had the right to file a legitimate charge.

                              Respectfully submitted,

                              s/ Timothy A. Smith
                              Timothy A. Smith
                              Reg. No. 0032087
                              Attorney for Defendant
                              119 E. Court St.
                              Suite 406
                              Cincinnati OH 45202
                              (513) 632-5333

**Certificate of Service**

    I hereby certify that a copy of the foregoing was served by Regular U.S. Mail on the following counsel of record this 11th day of June, 2004.

                Michael J. Harmon
                City of Cincinnati Law Department
                214 City Hall
                801 Plum Street
                Cincinnati, Ohio 45202
                (513) 352-3333/34
                Fax 352-1515

                Stephen S. Lazarus  (0041368)
                Hardin Lefton Lazarus & Marks
                915 Cincinnati Club Building
                30 Garfield Place
                Cincinnati, Ohio
                (513) 721-7300   Fax 721-7008

                              s/ Timothy A. Smith