UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY SLOAN,
   Plaintiff

vs

CITY OF CINCINNATI, et al.,
   Defendants

Case No. C-1-01-592
(Judge Weber)
(Magistrate Hogan)

ORDER

This motion is before the Court on individual Defendants Ronald Hale, III and Laurie Shatzer's Motion to Dismiss. (Doc. 37). The Motion is unopposed.

On September 4, 2001, Plaintiff Anthony Sloan filed a complaint against Ronald Hale, III, Laurie Shatzer, Alvin Triggs, John Does 1-9, in their official and individual capacities, and the City of Cincinnati, alleging violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. (Doc. 1). In Count I, Plaintiff alleged that Defendant police officers detained him "without probable cause and without a warrant" in violation of both the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983. (Doc. 1). In Count II, Plaintiff alleged that Defendant City of Cincinnati "threatened [a] witness who could have corroborated Plaintiff's version of the events...in violation of the Fifth, Fourth, and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983." (Doc. 1). In Count III, Plaintiff alleged Defendant police officers used excessive force in violation of the Fourth and Fourteenth Amendments to the Constitution. (Doc. 1). In Count IV, Plaintiff alleged that Defendant police officers acted

"intentionally and/or recklessly and within the course and scope of their employment for Defendant Cincinnati, Ohio," while also acting with "legal malice in that there was no probable cause to arrest and prosecute the Plaintiff." (Doc. 1).

Plaintiff filed summones for individual Defendants Hale, Triggs and Shatzer on July 3, 2002, and then voluntarily dismissed Defendant Triggs on March 25, 2004. (Docs. 14-16 and 31). Plaintiff listed the address of the Cincinnati Police Department for individual Defendants Hale, Triggs and Shatzer. (Doc. 14-16). No evidence exists to show that any of the individual Defendants ever personally received a copy of the summons. (Docs. 1-44). On May 14, 2004, Defendants Hale and Shatzer filed a motion to dismiss the lawsuit pursuant to Federal Rule of Civil Procedure 12(B)(5), for insufficient service of process. (Doc. 37). Plaintiff Sloan did not file a memorandum in opposition to this motion.

Fed. R. Civ. P. 4 requires that a defendant be served with a summons and copy of the complaint or that defendant waive service thereof within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). Rule 4(m) specifically provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiffs, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period...

Plaintiff bears the burden of exercising due diligence in perfecting service of process and showing that proper service has been made within the 120 day period. *Habib v. General Motors Corp.*, 15 F.3d 72, 74-75 (6th Cir. 1994); *Sawyer v. Lexington-Fayette Urban County Government, et al.*, 18 Fed.Appx. 285, 287, 2001 WL 1006237 (6th Cir. August 21, 2001). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Nwokocha v. Perry*, 67 Fed.Appx. 912, 914, 2003 WL 21456237 (6th Cir. June 20, 2003)

quoting *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). When service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court is required to dismiss the action without prejudice as to that defendant..." *Love v. American Postal Workers Union*, 64 Fed.Appx. 510, 2003 WL 21085275 (6th Cir.(Mich.)); *Sawyer*, 18 Fed.Appx at 287.

Service is not satisfied by sending a summons to an individual defendant's place of work or business. Fed. R. Civ. P. 4(d)(1). "Federal Rule 4(d)(1) requires that service upon individuals be made to the individual personally, at his dwelling house, or through his authorized agent." *Thompson v. Kerr*, 555 F.Supp. 1090, 1093 (S.D. Ohio, 1982). In addition, the requirements of Rule 4(d)(1) are not satisfied by service upon a defendant's place of work or business. *Id.* At 1094.

Plaintiff Sloan did not serve individual Defendants Hale and Shatzer until July 3, 2002, almost 10 months after he filed the complaint and well beyond the 120 days required by Fed. R. Civ P. 4. In addition, these Plaintiffs were served at their place of employment. Plaintiff Sloan, represented by counsel, has not shown good cause for ignoring the 120 day period required in Fed. R. Civ P. 4, nor has he given any explanation for the lapse in time. Further, Defendant Sloan did not serve individual Defendants Hale and Shatzer personally at their dwelling house, but rather at their place of employment, inconsistent with Fed. R. Civ. P. 4(d)(1). Accordingly, it is hereby ordered that the motion to dismiss Defendants Hale and Shatzer is granted.

SO ORDERED

Date: 10/5/04

Timothy S. Hogan
United States Magistrate Judge