UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Sloan,
    Plaintiff

    vs                                                  Case No. 1:01-cv-592-TSH
                                                        (Hogan, M. J.)

City of Cincinnati, et. al.,
    Defendants

**ORDER**

       This matter is before the Court on plaintiff's motion to re-open the case filed on October 20, 2005. (Doc. 53). Plaintiff, who was represented by counsel during the prosecution of this matter, has filed a pro se motion to re-open the case. Notwithstanding the questions raised by a party trying to file pro se pleadings in case where he is represented, the Court finds that the motion is not well-taken and should be denied.

       Plaintiff initiated this action against the City of Cincinnati and various City employees in September 2001. (Doc. 1). Plaintiff brought various claims pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights. The individual defendants were all dismissed from the action, leaving only plaintiff's claims against defendant the City of Cincinnati. (*See* Docs. 45, 49). On December 17, 2004, plaintiff filed a Notice of Voluntary Dismissal, seeking to dismiss his claims against the City without prejudice. (Doc. 50). The motion was granted, and this action was subsequently terminated on this Court's docket on January 21, 2005. (Docs. 50, 51). Plaintiff now claims that he does not agree with, nor did he consent to, his counsel's dismissal of the action. Plaintiff therefore seeks to reopen the case. (Doc. 53). He filed his motion pro se on October 20, 2005, approximately ten months after the Court's judgment was entered. (Id.).

Because plaintiff's motion to reopen the case was not filed within ten days of the entry of final judgment, it cannot be construed as a motion to amend judgment or for a new trial. Fed. R. Civ. P. 59. Thus, the Court construes plaintiff's motion as a motion for relief from judgment. Motions for relief from judgment are governed by Fed. R. Civ. P. 60. A Rule 60(b) motion may be granted only for the following enumerated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Loss v. Ward*, 178 F.3d 1295, 1999 WL 107969 (6th Cir. Feb. 9, 1999); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989).

Plaintiff has failed to demonstrate that relief from judgment is appropriate pursuant to Fed. R. Civ. P. 60. Accordingly, the motion to reopen the case is hereby DENIED.

s/Timothy S. Hogan  
Timothy S. Hogan  
United States Magistrate Judge